LAURENCE F. PULGRAM (CSB NO. 115163)
lpulgram@fenwick.com
EVAN BENNETT (CSB NO. 230112)
ebennett@fenwick.com
EMILY ST. JOHN COHEN (CSB NO. 239674)
ecohen@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

Attorneys for Defendants
IAC/INTERACTIVECORP and
TICKETMASTER d/b/a CITYSEARCH.COM

FILED
2008 JUN 27 PM 1:53
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

BY FAX

| | |
|---|---|
| TOM LAMBOTTE, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IAC/INTERACTIVECORP, a Delaware Corporation; TICKETMASTER, a Delaware corporation d/b/a CITYSEARCH.COM; CITYSEARCH.COM, an entity unknown; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br>**CV08-04263 CAS FMOx**<br><br>**DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1453 (Class Action Fairness Act)** |

## NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1453 and 1446, Defendants IAC/InterActiveCorp and Ticketmaster d/b/a Citysearch.com (collectively "Defendants") hereby remove the above-entitled action from the

NTC. OF REMOVAL

Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, and state as follows:

1. On May 27, 2008, plaintiff Tom Lambotte filed an action entitled *Tom Lambotte, individually and on Behalf of All Others Similarly Situated, v. IAC/InterActiveCorp, a Delaware corporation; Ticketmaster, a Delaware Corporation, d/b/a Citysearch.com; Citysearch.com, an entity unknown; and Does 1 through 20*, Case No. BC 391463, in the Superior Court of California, County of Los Angeles.

2. Defendants were served with a copy of the Complaint along with a Summons on May 30, 2008. Complete copies of the Complaint and associated papers, as served on Defendants, are attached as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(b), and *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), this Notice of Removal is timely filed within thirty days of receipt by Defendants, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action is based.

3. Defendants remove this action pursuant to the Class Action Fairness Act of 2005 (codified at 28 U.S.C. §§ 1332(d), 1453, and 1711-1715), which grants this Court original jurisdiction over any purported class action in which the matter in controversy, including all purported claims of the individual persons falling within the definition of the proposed class, exceeds the sum or value of $5,000,000 in the aggregate, exclusive of interest and costs, and in which any member of a class of plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d).

4. <u>Class Action Allegation:</u> In Paragraphs 1 and 39 of the Complaint, Plaintiff purports to represent a class defined as:

> *All persons or entities in the United States who paid money for pay-per-click advertising through Citysearch.com.*

Plaintiff alleges that the number of class members is at least in the thousands. Exhibit A (Compl.), ¶ 43.

5. <u>Amount in Controversy</u>: Citysearch.com ("Citysearch") is a leading online guide for listings of businesses, including restaurants, hotels, and stores, in cities across the country. *See* Declaration of John Cherry in Support of Defendants' Notice of Removal (the "Cherry Decl.") ¶ 3. Citysearch offers businesses the opportunity to advertise on its website at www.citysearch.com, as well as on its distribution partners' websites. *Id.* Advertisers can choose from one of two main packages. The "Basic Package" includes a business profile page and enhanced search results listings for a flat monthly fee. *Id.* The "Performance Package" includes the benefits of the Basic Package and other options, but instead of paying a flat monthly fee, the advertiser is charged only when a user clicks on its ad. *Id.* This is known as "pay-per-click" ("PPC") advertising and is a well known and commonly used online advertising model. *Id.*

6. It is commonly known that the PPC advertising model may be susceptible to "invalid clicks," which are purposeful clicks on advertisements by someone other than a potential customer. Cherry Decl. ¶ 4. The generation of invalid clicks is sometimes referred to as "click fraud." *Id.* Plaintiff alleges that Defendants improperly charged Plaintiff, and the nationwide class that he purports to represent, for invalid clicks in connection with PPC advertising. Exhibit A (Compl.) ¶ 2.

7. The Complaint does not specify an amount of damages. However, the amount in controversy—that is, the amount in dispute by reason of the Plaintiff class's allegations—may be determined from other sources. Plaintiff's attorneys, Kabateck Brown Kellner LLP, brought similar class actions for click fraud entitled *Checkmate Strategic Group v. Yahoo!, Inc.*, Case No. CV-05-4588 CAS (C.D. Cal.); and *Advanced Internet Technologies v. Google, Inc.*, Case No. C 05 02579 (N.D. Cal.). *See* Declaration of Evan Bennett in Support of Defendants' Notice of

NTC. OF REMOVAL 3

Removal ("Bennett Decl.") ¶ 2.

In paragraph 27 of the First Amended Complaint in the *Yahoo!* action, Plaintiff, through its attorneys, alleged that "some analysts believe that as many as 30% of clicks are fraudulent." Bennett Decl., Ex. A. In a critique of a settlement of another click fraud case brought against Google, Plaintiff, through its attorneys, stated:

> "Industry analysts believe a conservative 10-to-20 percent of all on line advertising is fraudulent. In the past four years, Google has earned over $15 billion in advertising income; thus, more than 1.5 billion is potentially at stake."

Bennett Decl., Ex B.

8.  In this action, Plaintiff seeks, among other things, restitution of all money Defendants allegedly wrongfully obtained from the class under California's Unfair Competition Law, Business & Professions Code § 17200. The statute of limitations under that statute is four years. Cal. Bus. & Prof. Code § 17208. Citysearch.com's revenue from PPC advertising since May 2004 (four years before the filing of the Complaint) exceeds $50 million. Cherry Decl. ¶ 5. Thus, based upon Plaintiff's lawyers' asserted frequency of invalid clicks in PPC advertising in other purported "click fraud" class actions, the amount claimed by Plaintiff and in controversy in this action exceeds $5,000,000, exclusive of interest and costs. In addition, Plaintiff seeks an award of attorneys' fees under California's Unfair Competition Law, which further increases the amount of controversy. *See Brady v. Mercedes-Benz*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (amount in controversy includes reasonable estimate of plaintiff's attorneys' fees).

9.  <u>Minimum Diversity:</u> Plaintiff alleges that he is a citizen of California. *See* Exhibit A (Compl.) ¶ 4. Defendant IAC/InterActiveCorp is a corporation organized under the laws of Delaware with its principal place of business in New York, New York. *See* Exhibit A (Compl.) ¶ 5; Cherry Decl. ¶ 2. Accordingly,

minimum diversity is satisfied pursuant to 28 U.S.C. § 1332(d)(2)(A).

10. Defendants have complied with all conditions precedent to removal.

11. Promptly upon filing this Notice of Removal with this Court, Defendants shall provide written notice to Plaintiff (through his counsel) and to the Los Angeles County Superior Court, as required under 28 U.S.C. § 1446(d). A copy of said notice is attached as **Exhibit B**.

WHEREFORE, this action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332(d), 1453 and 1446.

Dated June 2X, 2008            FENWICK & WEST LLP

By: _/s/ Laurence Pulgram_
Laurence Pulgram

Attorneys for Defendants
IAC/INTERACTIVECORP and
TICKETMASTER d/b/a
CITYSEARCH.COM