UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4263 CAS | | Date | July 31, 2008 |
|---|---|---|---|---|
| Title | TOM LAMBOTTE, on behalf of himself and all others similarly situated v. IAC/INTERACTIVECORP., et al. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Aflredo Torrijos<br>Brian Kabateck<br>Erik Syverson | Laurence Pulgram | |

**Proceedings:** **Defendants' Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 and to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, to Strike Pursuant to Fed. R. Civ. P. 12(f)** (filed 07/07/08)

## I.   INTRODUCTION

This action arises from plaintiff Tom Lambotte's placement of "pay-per-click" ("PPC") advertisements on defendants' website. On May 27, 2008, plaintiff, on behalf of himself and all others similarly situated, filed the instant class action suit in the Los Angeles County Superior Court against defendants IAC/Interactive Corp., Ticketmaster, d/b/a Citysearch.com, Citysearch.com ("Citysearch"), and Does and 1-20. On June 27, 2008, defendants removed the action to this Court. The class action complaint ("CAC") asserts claims for breach of contract, violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq., and negligence. The gravamen of the CAC is that defendants failed to detect and prevent "click fraud."[1]

On July 7, 2008, defendants filed the instant motion seeking summary judgment on plaintiff's first and second claims for relief. The motion also seeks to dismiss, or, in the alternative, to strike all of plaintiff's claims. Plaintiff filed his opposition thereto on July 14, 2008. Defendants filed their reply on July 21, 2008. A hearing was held on this

---

[1] The CAC explains that the term "click fraud" is colloquially understood in the industry to describe "purposeful clicks on advertisements by someone other than a potential customer." CAC ¶ 26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4263 CAS | Date | July 31, 2008 |
|---|---|---|---|
| Title | TOM LAMBOTTE, on behalf of himself and all others similarly situated v. IAC/INTERACTIVECORP., et al. | | |

matter on July 31, 2008. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Citysearch providers, among other things, online advertising services. Defendant's Statement of Uncontroverted Facts ("DSUF") ¶ 1; Plaintiff's Statement of Genuine Issues ("PSGI") ¶ 1.[2] Such advertising services may be purchased for a flat monthly fee or on a pay-per-click basis. DSUF ¶ 2; PSGI ¶ 2. If a customer chooses the PPC advertising option, Citysearch charges the customer only when a user clicks on the customer's advertisement. DSUF ¶ 2; PSGI ¶ 2. On December 10, 2007, plaintiff signed up for the PPC package, and entered into a written contract, entitled "Local Listings/TPS Terms and Conditions," for the placement of PPC advertising on Citysearch.com.[3] DSUF ¶¶ 3-4; PSGI ¶¶ 3-4; CAC, Ex. A (plaintiff's contract).

On December 22, 2007, plaintiff emailed Citysearch requesting that Citysearch cancel his account. DSUF ¶ 5; PSGI ¶ 5. On December 26, 2007, a Citysearch account representative responded to this email, and directed plaintiff to contact the customer

---

[2] The Court relies on this statement of facts for purposes of deciding defendants' motion for summary judgment only. The Court relies only on the allegations in the CAC, and any documents attached thereto, to decide defendants' motion to dismiss. See Fecht v. Price Co., 70 F.3d 1078, 1080 & n.1 (9th Cir. 1995) (stating that a court may consider contracts attached to the complaint without converting a motion to dismiss into a motion for summary judgment).

[3] The Agreement describes the PPC performance package as follows

> The Performance Package is Citysearch's pay for performance advertising program where businesses set a monthly advertising budget (the "CAP") and pay for Click-Throughs or Program Calls (defined below) up to the CAP. On a monthly basis, Business shall pay to Citysearch a monthly listing fee and the cost per click and/or cost per call for each Click-Through and/or for each Program Call, up to the CAP set forth on the Enrollment Form.

CAC, Ex. A (plaintiff's contract) ¶ 3a.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4263 CAS | Date | July 31, 2008 |
|---|---|---|---|
| Title | TOM LAMBOTTE, on behalf of himself and all others similarly situated v. IAC/INTERACTIVECORP., et al. | | |

service department to cancel his account. DSUF ¶ 6; PSGI ¶ 6.

Plaintiff objected to charges for clicks on his advertisement between December 11, 2007, through December 26, 2007.[4] DSUF ¶ 8; PSGI ¶ 8. Citysearch charged plaintiff $69.75 for the clicks on his advertisement.[5] DSUF ¶ 7; PSGI ¶ 7. This money was directly debited from plaintiff's interest-bearing checking account on January 11, 2008. PSGI ¶ 7; Declaration of Tom Lambotte in Opp'n to MSJ ("Lambotte Decl."), Ex. A (plaintiff's bank statement for Jan. 2008) at p. 3 of 4. Although plaintiff requested that the money be refunded to him, Citysearch refused to do so. PSGI ¶ 8. Plaintiff ultimately disputed the charges with his credit union, which issued a credit to plaintiff in the amount of $69.75 on March 11, 2008. PSGI ¶ 9; Lambotte Decl., Ex. B (plaintiff's bank statement for March 2008) at p. 2 of 4.

Citysearch initially attempted to collect the $69.75 due for the clicks on plaintiff's advertisement. DSUF ¶ 10; PSGI ¶ 10. However, Citysearch abandoned that effort, and wrote off plaintiff's account as uncollectible on April 25, 2008, more than one month before this lawsuit was filed. Id. Since that time, Citysearch has not made any efforts to collect from plaintiff, has not threatened to collect the money, nor has it reported plaintiff's debt to any collection agency. DSUF ¶¶ 11-12; PSGI ¶¶ 11-12.

### III.   LEGAL STANDARD

####    A.   SUMMARY JUDGMENT

Summary judgment is appropriate where "there is no genuine issue as to any

---

[4] In their statement of uncontroverted facts, defendants cite to the CAC to state that plaintiff disputed "charges for the clicks on his advertisement between December 26, 2007 through the end of December." DSUF ¶ 7. However, it appears that the CAC challenges charges beginning on December 11, 2007. PSGI ¶ 7 (citing CAC ¶ 37).

[5] Defendants states that the amount at issue is $69.95. However, it appears that in fact, defendants only sought to charge plaintiff $69.75. Declaration of John Cherry in Supp. of MSJ, Ex. A (print out of computer screen of history of plaintiff's account); PSGI ¶ 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4263 CAS | Date | July 31, 2008 |
|---|---|---|---|
| Title | TOM LAMBOTTE, on behalf of himself and all others similarly situated v. IAC/INTERACTIVECORP., et al. | | |

material fact" and "the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4263 CAS | Date | July 31, 2008 |
|---|---|---|---|
| Title | TOM LAMBOTTE, on behalf of himself and all others similarly situated v. IAC/INTERACTIVECORP., et al. | | |

essential elements of each cause of action upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990). See also Celotex Corp., 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. See also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

### B.    MOTION TO DISMISS

A Fed. R. Civ. P. 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4263 CAS | Date | July 31, 2008 |
|---|---|---|---|
| Title | TOM LAMBOTTE, on behalf of himself and all others similarly situated v. IAC/INTERACTIVECORP., et al. | | |

     In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

     Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

     Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

     For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

     As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4263 CAS | Date | July 31, 2008 |
|---|---|---|---|
| Title | TOM LAMBOTTE, on behalf of himself and all others similarly situated v. IAC/INTERACTIVECORP., et al. | | |

### C. MOTION TO STRIKE

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Rule 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Rule 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also strike under Rule 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Engineers, 502 F.2d 559, 560 (8th Cir. 1974). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Rule 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

## IV. DISCUSSION

### A. SUMMARY JUDGMENT

#### 1. STANDING UNDER THE UCL

Defendants contend that plaintiff lacks standing to sue under the UCL because plaintiff has not suffered injury in fact, nor has he lost money or property. See Cal. Bus. & Prof. Code § 17204; Californians for Disability Rights v. Mervyn's LLC, 39 Cal. 4th 223, 232 (2006) ("Proposition 64 does prevent *uninjured* private persons from suing for restitution on behalf of others.") (emphasis in original); Hall v. Time Inc., 158 Cal. App. 847, 852 (2008), modified by, 2008 Cal. App. LEXIS 139 (2008).

Plaintiff responds that Citysearch debited funds from his interest-bearing account for its PPC advertising package, and that two months later his credit union, not Citysearch, refunded his money to him. Plaintiff contends that the loss of use of his money for those two months constitutes injury in fact.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4263 CAS | Date | July 31, 2008 |
|---|---|---|---|
| Title | TOM LAMBOTTE, on behalf of himself and all others similarly situated v. IAC/INTERACTIVECORP., et al. | | |

In their reply, defendants argue that plaintiff's loss of use of funds constitutes consequential damages, which cannot be recovered under the UCL, and that in any event, plaintiff's claim for six cents is de minimus.

Proposition 64, enacted in November 2004, limits recovery under the UCL to a person who (1) "has suffered injury in fact," and (2) "has lost money or property as a result of such unfair competition." Cal. Bus. & Prof. Code § 17204; Hall, 158 Cal. App. at 852, modified by, 2008 Cal. App. LEXIS 139 (2008). Therefore, to maintain this action plaintiff must set forth sufficient facts to create a genuine issue of material fact as to whether defendants caused him injury.

Plaintiff has set forth facts showing that Citysearch deducted funds from his account, and that he lost use of that money for two months before it was refunded to him. This constitutes injury for purposes of the UCL. See e.g., So. Cal. Housing Rights Center v. Los Feliz Towers, 426 F.Supp.2d 1061, 1069 (C.D. Cal. 2005) (stating that the plaintiff "has standing because it presents evidence of actual injury based on loss of financial resources in investigating this claim and diversion of staff time from other cases to investigate the allegations here"); compare Sanbrook v. Office Depot, Inc., 2008 WL 1994884, at *5 (N.D. Cal. May 5, 2008) (finding that the plaintiff did not have standing to pursue a claim for restitution under the UCL because the defendant paid her an amount of money sufficient to reimburse her for the purchase price of the repair plan, "as well as for any detriment [she] may have suffered for the use of the funds otherwise used to purchase the [repair plan]").

Further, if Citysearch in fact received the debited funds, plaintiff would be entitled to restitution under the UCL.

> [T]he concept of restoration or restitution, as used in the UCL, is not limited only to the return of money or property that was once in the possession of that person. [Citation omitted]. Instead, restitution is broad enough to allow a plaintiff to recover money or property in which he or she has a vested interest.

Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134 (2003) (quoting Cortez v. Purolator Air Filtration Products Co., 23 Cal. 4th 163, 178 (2000)). A claim seeking recovery for loss of use of money is a claim for restitutionary relief. At the hearing held

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4263 CAS | Date | July 31, 2008 |
|---|---|---|---|
| Title | TOM LAMBOTTE, on behalf of himself and all others similarly situated v. IAC/INTERACTIVECORP., et al. | | |

herein, the Court inquired whether Citysearch had ever possessed the money at issue here. The parties were unable to provide the Court with an answer. In light of the procedural posture herein, the Court finds that there is a genuine issue of material fact as to plaintiff's entitlement to restitutionary relief under the UCL.

However, the Court finds that plaintiff lacks standing to seek prospective relief under the UCL because it appears that he is no longer a customer of Citysearch, and it does not appear that he seeks to advertise on Citysearch.com in the future. See e.g., Heffelfinger v. Elec. Data Sys. Corp., 2008 U.S. Dist. LEXIS 5296 (C.D. Cal. Jan. 7, 2008) ("Because plaintiffs are no longer employed by EDS, they lack standing to seek prospective injunctive relief under the UCL."); Lozano v. AT&T Wireless Servs., Inc., 504 F.3d 718, 731-33 (9th Cir. 2007) (finding that the plaintiff had standing to seek injunctive relief, and that her claim was not moot, because she continued to be a customer of the defendant and was subject to the defendant's allegedly wrongful billing practices).

Based on the foregoing, the Court concludes that plaintiff does not have standing to seek injunctive relief under the UCL. The Court further concludes that there is a material questions of disputed fact as to whether plaintiff has standing to seek restitutionary relief.

### 2. BREACH OF CONTRACT

Next, defendants urge that they are entitled to summary judgment on plaintiff's breach of contract claim. According to defendants, under the terms of plaintiff's contract the only damages he is potentially entitled to recover is "the amount of fees actually paid by [plaintiff] to Citysearch." CAC, Ex. A (plaintiff's contract) ¶ 7. Defendants assert that plaintiff has not paid Citysearch for the PPC advertising package, and that therefore he has not suffered damages. See DeMando v. Morris, 206 F.3d 1300, 1303 (9th Cir. 2000) (finding that the plaintiff did not suffer any damages on her breach of contract claim, which alleged that the defendant breached the parties' contract by threatening to increase the interest rate on her credit card when it had promised her a fixed rate of interest, where defendant never implemented the increase, and no future injury was threatened).

Although, plaintiff appears to concede that he has not suffered damages by reason

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4263 CAS | Date | July 31, 2008 |
|---|---|---|---|
| Title | TOM LAMBOTTE, on behalf of himself and all others similarly situated v. IAC/INTERACTIVECORP., et al. | | |

of paying fees to Citysearch, he argues that "[t]he loss of use of [the $69.75 for two months] constitutes actual injury." Opp'n at 6. Plaintiff does not, however, address defendants' argument that plaintiff's contract limits his recovery to fees actually paid.

Paragraph seven of plaintiff's contract, headed "Limitation of Liability" and attached as exhibit A to the CAC, recites

> IN NO EVENT WILL CITYSEARCH BE LIABLE TO BUSINESS FOR ANY CONSEQUENTIAL, INDIRECT, INCIDENTAL, PUNITIVE OR SPECIAL DAMAGES, LOST REVENUE, LOST PROFITS OR LOSS OF GOODWILL. IN NO EVENT WILL THE TOTAL AGGREGATE LIABILITY OF CITYSEARCH TO BUSINESS EXCEED THE AMOUNT OF FEES ACTUALLY PAID BY BUSINESS TO CITYSEARCH DURING THE PRECEDING SIX (6) MONTHS, REGARDLESS OF THE BASIS OR FORM OF CLAIM.

CAC, Ex. A (Agreement) ¶ 7. Based on the express terms of the contract, it appears that plaintiff is entitled to recover only fees actually paid to Citysearch. Although plaintiff initially paid Citysearch, that money has been refunded to him. Citysearch has not yet been compensated for any clicks on plaintiff's advertisement. Declaration of John Cherry in Supp. of MSJ ¶ 5. As such, plaintiff's breach of contract claim must fail.

### B. MOTION TO DISMISS

#### 1. UCL

California's unfair competition law prohibits unfair competition, including "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Here, plaintiff alleges violations of the unfair, unlawful, and fraudulent prongs of the UCL.

##### a. Whether plaintiff has alleged unfair conduct

Defendants first move to dismiss plaintiff's claim under the "unfair" practices prong of the UCL.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4263 CAS | Date | July 31, 2008 |
|---|---|---|---|
| Title | TOM LAMBOTTE, on behalf of himself and all others similarly situated v. IAC/INTERACTIVECORP., et al. | | |

"California's unfair competition law, as it applies to consumer suits, is currently in flux." Lozano v. AT&T Wireless Services, Inc., 504 F.3d 718, 735 (9th Cir. 2007). California courts have long applied a balancing test. Under that test, "the determination of whether a particular business practice is unfair necessarily involves an examination of its impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. In brief, the court . . . weigh[s] the utility of the defendant's conduct against the gravity of the harm to the alleged victims." Motors, Inc. v. Times Mirror Co., 102 Cal. App. 3d 735, 740 (1980). Then, in Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal. 4th 163 (1999), the Supreme Court of California rejected this test and held, in the context of an unfair competition claim brought by a competitor, that "any finding of unfairness . . . [must] be tethered to some legislatively declared policy." Id. at 185. However, the Cel-Tech court expressly limited its holding to competitor lawsuits. Id. at 187 n.12.

Since then, some California Courts of Appeal have applied Cel-Tech in consumer actions, while others have declined to do so. See Paulus v. Bob Lynch Ford, Inc., 43 Cal. Rptr. 3d 148 (2006) (noting split of authority); Progressive W. Ins. Co. v. Sup. Ct., 37 Cal. Rptr. 3d 434 (2005) (same).

In Lozano, recognizing this uncertainty in the law, the Ninth Circuit "endors[ed]" a district court's use of the balancing test. Lozano, 504 F.3d at 736. According to the Ninth Circuit, after Cel-Tech, courts faced with consumer lawsuits are left with two options: (1) apply Cel-Tech and require that "unfairness be tied to some 'legislatively declared' policy" or (2) adhere to the balancing test. Id. The Ninth Circuit reasoned that "[b]ecause adopting one standard does not necessitate rejection of the other . . . no matter the status of Cel-Tech, the district court did not apply the wrong legal standard" when it applied the balancing test. Id.

The Court finds it appropriate to apply the balancing test in this case.[6] Applying

---

[6] At the hearing held herein, defendants' counsel urged the Court to apply the Cel-Tech test because this case involves a commercial transaction. However, as noted supra, the California Supreme Court expressly limited its holding in Cel-Tech to competitor lawsuits, stating as follows

This case involves an action by a competitor alleging anticompetitive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4263 CAS | Date | July 31, 2008 |
|---|---|---|---|
| Title | TOM LAMBOTTE, on behalf of himself and all others similarly situated v. IAC/INTERACTIVECORP., et al. | | |

the balancing test, the Court cannot conclude that plaintiff will be unable to prove facts showing that the harm of defendants' conduct outweighs its utility. See Progressive West Ins. Co. v. Superior Court, 135 Cal. App. 4th 263, 287 (2005) ("The balancing test required by the unfair business practice prong of section 17200 is fact intensive and is not conducive to resolution at the demurrer stage."). Specifically, plaintiff alleges that Citysearch misleads its customers into believing that Citysearch is taking proactive measures to prevent click fraud, but that contrary to this representation, Citysearch is not doing so. In this regard, plaintiff alleges, among other things, that

> [o]n its "About Us" page, Citysearch states the following to potential customers: "We connect you to more customers. You only pay for results. Advertise on Citysearch today and only pay for clicks to your Website or business profile page."

CAC ¶ 23 (emphasis omitted). Further, the CAC alleges that Citysearch represents that it "proactively researches and develops processes, policies, and technologies to identify invalid clicks activity with regard to our customers' advertising." CAC ¶ 24 (emphasis omitted). Because plaintiff has identified such representations, defendants' reliance on Spiegler v. Home Depot U.S.A., Inc., 2008 U.S. Dist. LEXIS 33480 (C.D. Cal. April 9, 2008), is unavailing.[7] Accordingly, the Court concludes that plaintiff's allegations are

---

> practices. Our discussion and this test are limited to that context. Nothing we say relates to actions by consumers or by competitors alleging other kinds of violations of the unfair competition law such as "fraudulent" or "unlawful" business practices or "unfair, deceptive, untrue or misleading advertising." We also express no view on the application of federal cases such as FTC v. Sperry & Hutchinson Co. (1972) 405 U.S. 233 that involve injury to consumers and therefore do not relate to actions like this one.

Cel-Tech Communications, Inc., 20 Cal. 4th at 187 n.12. Further, it is clear that under prevailing Ninth Circuit law, this Court may apply either Cel-Tech, or the balancing test.

[7] In Spiegler, the plaintiffs entered into contracts for cabinet refacing work at their homes. Spiegler, 2008 U.S. Dist. LEXIS 33480, at * 3-4. The gravamen of the plaintiffs' claims was that the defendants overcharged plaintiffs for the home improvement goods and services provided to them under their contracts. Id. at *4-5. Specifically, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4263 CAS | Date | July 31, 2008 |
|---|---|---|---|
| Title | TOM LAMBOTTE, on behalf of himself and all others similarly situated v. IAC/INTERACTIVECORP., et al. | | |

sufficient to defeat the instant motion to dismiss.

### b. Whether plaintiff alleges fraudulent conduct

Second, defendants request that the Court dismiss plaintiff's claim under the "fraud" prong of the UCL for failure to plead reliance on any allegedly misleading statements. Proposition 64 limits recovery to persons who "[have] suffered injury in fact and [have] lost money or property as a result of" a defendant's wrongful conduct. Cal. Bus. & Prof. Code §§ 17204, 17535. In Pfizer, Inc. v. Superior Court, 51 Cal. Rptr. 3d 707 (2006), a California state appellate court held that Proposition 64 imposes a reliance requirement. See also In re Tobacco Cases II Cases, 142 Cal. App. 4th 891 (2006). Similarly, recently, in O'Brien v. Camisasca Auto. Mfg., Inc., 2008 Cal. App. LEXIS 415 (March 27, 2008), the court found that reliance is an essential element of a claim under the fraud prong of the UCL. The California Supreme Court has granted review of these cases, which remain pending. Pfizer, Inc. v. Sup. Ct., 141 Cal. App. 4th 290 (2006), rev. granted, 146 P.3d 1250 (2006); In re Tobacco Cases II, 142 Cal. App. 4th 891 (2006), rev. granted, 146 P.3d 1250 (2006); O'Brien v. Camisasca Auto. Mfg., Inc., 2008 Cal. App. LEXIS 415, rev. granted, 2008 Cal. LEXIS 8247 (July 9, 2008). In light of the fact that the issue is currently under review before the California Supreme Court, the Court declines to resolve whether Proposition 64 requires proof of actual reliance on the part of

---

plaintiffs alleged that defendants failed to charge them according to the prices set forth in the defendants' internal pricing list, and that the defendants failed to charge them a lower price based on a second, more accurate calculation of their kitchens. Id. This Court concluded that the plaintiffs failed to state a claim under the "unfairness" prong of the UCL because they did not allege a legislatively declared policy that the defendants' conduct violated, and because the plaintiffs failed to point to anything that defendants did or said that would reasonably lead them to believe as they did. Id. at *19-20.

Unlike the Spiegler plaintiffs, plaintiff here has identified statements that could have reasonably led him to believe that Citysearch was "employ[ing] a[] method to track fraudulent clicks." CAC ¶ 57. In fact, the sentence that defendants themselves rely on to argue that Citysearch "expressly disclaims the quality of clicks" states that "[Citysearch] endeavor[s] to charge customers solely for valid clicks." CAC, Ex. D ("Invalid Click Policy").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4263 CAS | Date | July 31, 2008 |
|---|---|---|---|
| Title | TOM LAMBOTTE, on behalf of himself and all others similarly situated v. IAC/INTERACTIVECORP., et al. | | |

a UCL plaintiff.

### c. Whether plaintiff alleges unlawful conduct

Third, defendants move to dismiss plaintiff's claim under the "unlawful" practices prong of the UCL, which alleges that Citysearch's conduct is "unlawful" because it "constitutes a breach of the Agreement." CAC ¶ 58. Defendants argue that a breach of contract, without more, cannot form the basis of a claim under Cal. Bus. & Prof. Code § 17200.

"'[A] breach of contract may . . . form the predicate for Section 17200 claims, provided it also constitutes conduct that is 'unlawful, or unfair, or fraudulent.'" Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1152 (9th Cir. 2008) (quoting Nat'l Rural Telcoms. Coop. v. DIRECTV, Inc., 319 F. Supp. 2d 1059, 1074 (C.D. Cal. 2003)).

Here, the CAC alleges that "Citysearch's business practices . . . are unlawful because the conduct constitutes a breach of the Agreement." CAC ¶ 58. The CAC further alleges that Citysearch's practice are fraudulent. Therefore, the CAC states a claim under the unlawful practices prong of the UCL.

### 2. Negligence

Defendants also move to dismiss plaintiff's negligence claim, arguing that it is barred by the "economic loss" doctrine, which provides that "a party may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations." Mot. at 14 (quoting Aas v. Super. Ct., 24 Cal. 4th 627, 643 (2000)).

Because plaintiff does not oppose defendants' motion in this regard, the Court grants defendants' motion to dismiss plaintiff's negligence claim.

### 3. Breach of Contract

Because the Court has granted defendants' motion for summary judgment on plaintiff's breach of contract claim, it declines to address defendants' motion to dismiss as it pertains to that claim.

### C. MOTION TO STRIKE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4263 CAS | Date | July 31, 2008 |
|---|---|---|---|
| Title | TOM LAMBOTTE, on behalf of himself and all others similarly situated v. IAC/INTERACTIVECORP., et al. | | |

Because the Court has determined that plaintiff's breach of contract claim fails as a matter of law, the Court denies defendants' motion to strike in this regard as moot. Further, because the Court finds that plaintiff has stated a claim under the UCL, the Court denies defendants' motion to strike those claims.

**V.    CONCLUSION**

In accordance with the foregoing, the Court finds and concludes as follows:

(1)   The Court GRANTS defendants' motion for summary on plaintiff's breach of contract claim;
(2)   The Court GRANTS defendants' motion for summary judgment on plaintiff's claim for injunctive relief under the UCL;
(3)   The Court DENIES defendants' motion for summary judgment on plaintiff's claim for restitutionary relief under the UCL;
(4)   The Court DENIES defendants' motion to dismiss plaintiff's claim under the UCL; and
(5)   The Court DENIES defendants' motion to strike.

Plaintiff has also requested leave to add former customers of Citysearch that plaintiff represents are not subject to the defenses defendants have raised herein. The Court hereby grants plaintiff's request. Counsel is directed to add such individuals within thirty (30) days of the date of this order.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4263 CAS | Date | July 31, 2008 |
|---|---|---|---|
| Title | TOM LAMBOTTE, on behalf of himself and all others similarly situated v. IAC/INTERACTIVECORP., et al. | | |

|  | 00 | : | 17 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |